IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
June 9, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| TRACY LAMAR WARREN, § | |
| TDCJ No. 1668000, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00039-O-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Tracy Lamar Warren ("Warren"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. On April 19, 2019, the petition was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters pursuant to Special Order No. 3. *See* ECF No. 2. By Order entered on this date, the Court granted Warren's Motion to Amend Petition. ECF No. 14. Before the Court are the Amended Petition for Writ of Habeas Corpus, ECF No. 11-1, deemed filed on June 9, 2020, and Warren's Answers to the Court's Questionnaire, ECF No. 8, filed November 22, 2019.

After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Reed O'Connor **DENY** Warren's Amended Petition for Writ of Habeas Corpus, ECF No. 11-1, and **DISMISS without prejudice** his civil rights claim, if any, without prejudice to his right to seek relief under 42 U.S.C. § 1983.

In his amended petition, Warren challenges the validity of disciplinary action no. 20189070876, which was taken against him for the offenses of "conspiracy to introduce contraband; orchestrate [sic] to assault guard; and possession of drugs." ECF No. 11-1 at 5. Warren states that his disciplinary case resulted in 1,239 days of good-time credit lost; sixty days of cell restriction; reduction in line class from S3 to L3; and "disciplinary used to assign to indefinite administrative segregation under unconstitutional prison conditions." *Id.*

In support of his petition, Warren claims that his due process rights were violated in the disciplinary process when (1) he was excluded, in part, from the disciplinary hearing; (2) he was denied adequate notice of two additional charges that were added to the hearing; and (3) there was no evidence to support the finding of guilty and punishment assessed following his disciplinary hearing. *Id.* at 6-7.

Warren has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Warren's custodial classification was to improve in the future, the reset of his Line 3 custodial classification does not warrant due process protection.

Warren was convicted of aggravated robbery in 2010 and thus he would not be eligible for mandatory supervision. He concedes this point in his amended petition. ECF No. 11-1 at 5. He asserts that he was convicted in approximately 2010 in the Criminal District Court Number Two

of Dallas County, Texas, and is serving a sentence of thirty-five years, for the offense of Aggravated Robbery. *Id.* at 2. The TDCJ website also reflects this information and states that the date of sentencing was August 30, 2010. *See* Offender Information Details, TDCJ, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action ?sid=06683229 (last visited June 9, 2020). Therefore, Warren had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervision). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

Cell restriction and assignment to administrative segregation that Warren sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, restrictions such as those imposed against Warren do not raise such concerns given the evidence presented in the amended petition and in Warren's responses to the Court's questionnaire. *See* ECF Nos. 11-1 and 8. Warren has failed to present evidence that the temporary cell restriction and assignment to administrative segregation present an "atypical and significant hardship." Accordingly, his Amended Petition for Habeas Corpus should be denied.

Finally, the Court notes that while Warren possibly presented a civil rights claim by stating that "disciplinary used to assign to indefinite administrative segregation under unconstitutional

3

prison conditions," ECF No. 11-1 at 5, this comment is a general allegation without any specific description of facts supporting the claim. The disciplinary hearing at issue was held on March 20, 2019. *Id.* at 6 (Ground One). Therefore, to the extent that Warren wishes to purse a civil rights claim, he has ample time to do so within the two-year statute of limitation by filing an action under 42 U.S.C. § 1983. Judge O'Connor should dismiss his civil rights claim, if any, without prejudice to his right to seek relief under § 1983 in a separate action.

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 11-1, and **DISMISS without prejudice** his civil rights claim, if any, without prejudice to his right to seek relief under 42 U.S.C. § 1983.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **June 9, 2020**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE